By the Act of 1821, the act for the relief of honest debtors was repealed, and all power of proceeding under that law ceased. The judgment in the present case was entered up under an impression in the court that the proceedings pending at the time the law was repealed were not affected by that repeal, and judgment was rendered according to the law as they understood it. That act authorized judgments to be rendered up in a summary way upon motion, against persons not brought into court by process. The judgment in the present case was therefore not only a judgment contrary to or in opposition to the law as to the liability of the defendants, but in opposition to the rules of practice and procedure prescribed to the court. For the law was repealed, not only as to the liability of the defendants, but also as to the summary mode of proceeding, for which latter reason I think the judgment not erroneous only, but absolutely void and liable to be vacated by any succeeding court. Writs of error (182) are necessary only where the court has power to act but mistakes the law; therefore for error of law only a superior tribunal can reverse the judgment. But where a court has not by law an authority to act its acts are void and may be set aside on motion. The propriety of considering a judgment void in cases of this kind, viz., where the court *Page 102 
affect to act in a summary manner without bringing the defendant before them, when the law does not authorize that summary proceeding is seen by viewing this as a judgment rendered in one of our Superior Courts, whose judgments cannot be examined into for error in law in any manner, but by an appeal to this Court, and before the establishment of this and the late Supreme Court in no manner at all. The consequence would be that a person might be ruined, as not having an opportunity of being heard, and this Court, not possessing the power of issuing a writ of error, and an appeal being attainable only by an application to the Court during the term at which the judgment was rendered.
HALL, J. I entertain some doubts in this case, because the judgment sought to be vacated might be reversed by writ of error; however, I am not prepared to say that it ought not to be vacated as moved for, and as done in the Superior Court.
PER CURIAM. Affirmed.
Cited: Swaim v. Fentress, 15 N.C. 604; Pettijohn v. Beasley, 18 N.C. 256;Dobbin v. Gaster, 26 N.C. 74; Newsom v. Newsom, ib., 388.
(183)